1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SONY BMG MUSIC ENTERTAINMENT,
     et al.,                                        No. CIV S- 07-0342 MCE GGH
11
                 Plaintiffs,
12
      vs.
13
     MICHAEL COLBERT,                                      FINDINGS AND
14
                                                         RECOMMENDATIONS
15
                 Defendant.
16   _____/

17             Plaintiffs' motion for entry of default judgment against defendant Colbert, filed

18   May 30, 2007, was submitted on the record.  Local Rule 78-230(h).  Upon review of the motion

19   and the supporting documents, and good cause appearing, the court issues the following findings

20   and recommendations.

21   BACKGROUND

22             On February 20, 2007, plaintiffs filed the underlying complaint in this action

23   against defendant Colbert, alleging defendant was using the internet to illegally download

24   various copyrighted sound recordings and distribute them.  The summons and complaint were

25   served on defendant Colbert on March 14, 2007, by leaving them at defendant's address with

26   defendant's co-resident.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main

                                               1

1   <u>Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal

2   jurisdiction).  Defendant has failed to file an answer or otherwise appear in this action.  On April

3   19, 2007, the clerk entered default against defendant Colbert.

4          Notice of entry of default and the instant motion for default judgment and

5   supporting papers were served by mail on defendant at his last known address.  Defendant filed

6   no opposition to the motion for entry of default judgment.  Plaintiffs seek an entry of default

7   judgment in the amount of $4,500.00 in statutory damages, $420.00 in costs, and a permanent

8   injunction.

9   <u>DISCUSSION</u>

10          Entry of default effects an admission of all well-pleaded allegations of the

11   complaint by the defaulted party.  <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir.

12   1977).  The court finds the well pleaded allegations of the complaint state a claim for which

13   relief can be granted.  <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976).

14          To prevail on a claim for copyright infringement, plaintiff must establish

15   ownership of a valid copyright and unauthorized copying of original elements of the work by the

16   defendant.  <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991).  Plaintiffs

17   have alleged ownership of valid copyright registrations in the sound recordings that defendant

18   allegedly downloaded illegally from the Internet.  <u>See</u> Complaint ("Compl."), at ¶¶ 12-14; Exs.

19   A-B.  Plaintiffs have also alleged unauthorized reproduction and distribution of the protected

20   works.  Compl., at ¶ 14.  The complaint is sufficiently pled and states a claim for copyright

21   infringement.

22          Plaintiffs need not prove actual damages to recover the statutory damages they

23   seek.  <u>Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.</u>, 259 F.3d 1186,

24   1194 (9th Cir. 1997).  Plaintiffs seek statutory damages as authorized by 17 U.S.C. § 504(c), in

25   the amount of $4,500.00.  Compl., at ¶ 17; Motion for Entry of Default Judgment ("Motion"), at

26   4:7-8.  The court notes that defendant did not bother to respond to this action in any way, and

thereby forfeited any argument he may have had to contest the amount of damages.  The court

deems defaulting defendant, by his failure to appear or defend this action, to have waived any

objections to the statutory source of the damages prayed for in the instant motion.  The

memorandum of points and authorities and affidavits filed in support of the motion for entry of

default judgment supports the finding that plaintiffs are entitled to the relief requested.  There are

no policy considerations which preclude the entry of default judgment of the type requested.  See

Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Remedies

Plaintiffs seek statutory damages in the amount of $4,500.00, a permanent

injunction and an award of costs in the amount of $420.00 for filing fees and service of process.

Plaintiffs do not seek attorneys' fees.

A.  Injunction

Plaintiffs seek an injunction in the following form to enjoin defendant's wrongful

conduct:

> Defendant shall be and hereby is enjoined from directly or indirectly
> infringing Plaintiffs' rights under federal or state law in the Copyrighted
> Recordings and any sound recording, whether now in existence or later
> created, that is owned or controlled by Plaintiffs (or any parent, subsidiary,
> or affiliate record label of Plaintiffs ) ("Plaintiffs' Recordings"), including
> without limitation by using the Internet or any online media distribution
> system to reproduce (i.e., download) any of Plaintiffs' Recordings, to
> distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of
> Plaintiffs' Recordings available for distribution to the public, except
> pursuant to a lawful license or with the express authority of Plaintiffs.
> Defendant also shall destroy all copies of Plaintiffs' Recordings that
> Defendant has downloaded onto any computer hard drive or server without
> Plaintiffs' authorization and shall destroy all copies of those downloaded
> recordings transferred onto any physical medium or device in Defendant's
> possession, custody, or control.

Motion, at 8–9.

Federal copyright laws authorize injunctive relief for copyright infringement.

Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005 (citing 17 U.S.C. §

501, 502(a)).  "A court may order a permanent injunction 'to prevent or restrain infringement of

3

1   [the owner's] copyright.'  Generally, a showing of copyright infringement liability and the threat

2   of future violations is sufficient to warrant a permanent injunction." Sega Enterprises Ltd. v.

3   Maphia, 948 F. Supp. 923, 940 (N.D. Cal. 1996) (quoting 17 U.S.C. § 502) (finding access to

4   equipment that allowed defendant to continue to illegally download and distribute game

5   programs constituted a threat of continued violation); see also, MAI Systems Corp. v. Peak

6   Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993); Twentieth Century Fox Film Corp. v.

7   Streeter, 438 F. Supp. 2d 1065, 1073 (D. Ariz. 2006) (granting a permanent injunction upon entry

8   of default judgment against defendant in a copyright infringement action).

9           Here, as discussed above, plaintiffs have established defendant's liability for

10   copyright infringement.  Furthermore, in proving up their claim, plaintiffs have established

11   defendant's access to the online media distribution system through which the infringement

12   occurred.  Infringement by such means exposes plaintiffs to "massive, repeated, and worldwide

13   infringement" of their copyrighted sound recordings.  Twentieth Century Fox Film Corp., 438 F.

14   Supp. 2d at 1073 ("When digital works are distributed via the internet, as in this case, every

15   downloader who receives one of the copyrighted works from Defendant is in turn capable of also

16   transmitting perfect copies of the works.  Accordingly, the process is potentially exponential

17   rather than linear, threatening virtually unstoppable infringement of the copyright.") (quoting A

18   & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013-14 (9th Cir. 2001)).  Monetary damages

19   cannot adequately compensate this widespread infringement.

20           Finally, defendant's failure to respond to this lawsuit suggests an indifference to

21   the unlawful nature of his infringing activity.  Accordingly, based on the foregoing, this court

22   finds that the requested injunctive relief is appropriate and recommends that it be granted.

23           B. Statutory Damages

24           Where a plaintiff prevails in a copyright infringement case, 17 U.S.C. § 504(c)

25   provides for an award of statutory damages in a sum of not less than $750 or more than $30,000

26   for each infringement, as the court considers just.  Moreover, pursuant to 17 U.S.C. § 504(c)(2), a

4

1   court has discretion to increase the award of statutory damages to $150,000 per infringement

2   where an infringer's conduct is found to be willful.  "Statutory damages are particularly

3   appropriate in a case . . . in which defendant has failed to mount any defense or to participate in

4   discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." Jackson

5   v. Sturkie, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

6            Here, plaintiffs seek the minimum amount ($750) for each alleged act of

7   infringement (six in total), for a total of $4,500.00. See Motion, at 8:17-20;  Compl., Ex. A.  The

8   court finds that the amount of statutory damages sought by plaintiffs is reasonable and just.

9            C.  Costs

10           Pursuant to 17 U.S.C. § 505, courts have discretion to award "the recovery of full

11  costs and reasonable attorney fees" in cases of copyright infringement.  17 U.S.C. § 505.  Here,

12  plaintiffs seek costs in the amount of $420.00 for filing fees and service of process.  The court

13  recommends that plaintiffs' request for an award of costs in the amount of $420.00 be granted.

14  CONCLUSION

15           In view of the foregoing findings, it is the recommendation of this court that

16  plaintiffs' motion for entry of default judgment be GRANTED.  Judgment should be rendered in

17  the amount of $4,500.00 in statutory damages and $420.00 in costs.  A permanent injunction

18  should be granted against defendant as specified herein.

19           These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24  shall be served and filed within ten days after service of the objections.  The parties are advised

25  \\\\\

26  \\\\\

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/19/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
SonyBMG342.def.wpd

6